W. H. BECK, Appellant, v. E. B. WOODRUFF, Judge.

**Intoxicating liquors:** PAYMENT OF MULCT TAX: EFFECT. Compliance with the mulct law will not authorize the sale of intoxicating liquors outside of a city or town.

**Same:** CONSTITUTIONAL LAW: SPECIAL PRIVILEGES. The law prohibiting the sale of intoxicating liquors outside of cities and towns is not unconstitutional, as giving the inhabitants of cities and towns special privileges.

*Appeal from Pottawattamie District Court.*—HON. E. B. WOODRUFF. Judge.

FRIDAY, JULY 8, 1910.

CERTIORARI proceedings. The opinion states the case. —*Affirmed.*

*Flickinger Bros.*, for appellant.

No appearance for appellee.

SHERWIN, J.—The plaintiff sold intoxicating liquors at Manawa Park, a place of public resort outside of the limits of any city or incorporated town, but within an organized township.

He had complied with the provisions of the mulct law, and the question before us is whether the business can be lawfully conducted at any place within a county

when a statement of general consent has been filed as provided by law and found to be sufficient.

The payment of the mulct tax in accordance with the provisions of law operates as a bar only when the conditions of section 2448 have been complied with, and when the business is carried on in a place authorized by the statute.

Section 2449 provides for the operation of the bar in cities and towns of less than 5,000 inhabitants, and it does not authorize the business outside of cities and towns. The section itself clearly distinguishes between towns and townships, because it requires the consent of a majority of the voters in the township, including the town, to authorize sales in the town. The statute does not, by implication even, permit the business outside of cities and towns, and it is well settled that the bar is effective only when the business is carried on at a place and in the manner designated by the statute.

Section 2445 of the Code provides for the apportionment of the mulct tax, and says that if the business is conducted outside the limits of a city or town, one-half of the tax shall be paid to the clerk of the township, and because of this provision, the appellant contends that he was authorized to sell in the township outside of the limits of a city or town. Anyone found in the business is subject to the tax, and this is true whether he be legally engaged therein or not. Section 2445 does no more than to provide for the apportionment of the tax when collected, and does not purport to authorize the business in any manner nor in any place. Indeed, section 2447 expressly provides that the payment of any tax for the sale of liquors shall not protect the wrongdoer, except as provided in the section creating the bar, and the section creating the bar designates the places where the business may be conducted.

The appellant further contends that if the business can not be lawfully conducted outside of cities and towns,

the law is unconstitutional because it gives to the inhabitants of cities and towns privileges which are denied to those living outside thereof. The appellant can hardly be serious in this contention. No discrimination is made against any one in the matter of engaging in the business, and the consumer is not in our judgment denied any constitutional right.

The judgment of the trial court is *affirmed.*